**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

DEC 19 2019

**JAMES W. McCORMACK, CLERK**
By:_____
**DEP CLERK**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**AUDRA PATTERSON, Individually and on
Behalf of All Others Similarly Situated**                    **PLAINTIFF**

vs.                                    No. 4:19-cv-*918-KGB*

**AMERICAN INCOME LIFE INSURANCE CO.**          **DEFENDANTS**
**and AARON BLAKE RALSTON**

This case assigned to District Judge *Baker*
and to Magistrate Judge *Kearney*

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

        COMES NOW Plaintiff Audra Patterson, individually and on behalf of all others
similarly situated, by and through her attorneys Steve Rauls and Josh Sanford of
Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action
("Complaint") against Defendants American Income Life Insurance Company and Aaron
Blake Ralston (collectively "Defendants"), she states and alleges as follows:

## I.   PRELIMINARY STATEMENTS

        1.      This is a collective action brought by Audra Patterson ("Plaintiff"),
individually and on behalf of all others similarly situated, against Defendants for
violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §
201 *et seq.* (the "FLSA"), and the minimum wage provisions of the Arkansas Minimum
Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

        2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated
damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of
Defendants' failure to pay proper minimum wages under the FLSA and the AMWA.

## II.   JURISDICTION AND VENUE

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

7.     Plaintiff is an individual and resident of Pulaski County.

8.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

9.     Defendant American Income Life Insurance Co. ("AILIC") is an insurance company registered with the National Association of Insurance Commissioners, with its statutory home office in Indianapolis, Indiana.

10.     AILIC's registered agent for service in Arkansas is C T Corporation System, at 124 West Capitol Avenue, Suite 900, Little Rock, Arkansas 72201.

11.     Defendant Aaron Blake Ralston ("Ralston") is an individual and domiciliary of Arkansas.

12.     Ralston is an insurance agent licensed with the National Association of Insurance Commissioners.

13.     Ralston owns and operates a branch of AILIC ("the Ralston Agency").

14.     Defendants' primary business is selling life insurance.

15.     Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

16.     Defendants have at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

17.     Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV.    FACTUAL ALLEGATIONS

18.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

19.     Plaintiff worked for Defendants as an insurance sales worker during January of 2019.

20.     Plaintiff worked at the Ralston Agency.

21.     Upon hire, Defendants required Plaintiff and similarly situated new hires to attend training.

22.     The purpose of the training was to familiarize new hires with Defendants' various life insurance plans; to teach them sales tactics; and to provide them with information about how they would be paid.

23.     The initial training was scheduled during the first five days of Plaintiff's employment, for approximately five or six hours per day.

24.     Plaintiff and similarly situated employees were not paid for their time spent in training.

25.     Upon information and belief, Defendants classified Plaintiff and similarly situated insurance sales workers as independent contractors.

26.     Plaintiff and similarly situated insurance sales workers' relationships with Defendants followed the normal path of employees, not independent business owners.

27.     Defendants controlled the products that Plaintiff and similarly situated insurance sales workers were allowed to sell.

28.     Defendants trained Plaintiff and similarly situated insurance sales workers in Defendants' standard sales policies and practices and required Plaintiff and other workers to adhere to those policies and practices.

29.     Plaintiff and similarly situated insurance sales workers performed duties, namely insurance sales, that were integral to Defendants' business.

30.     Defendants did not negotiate distinct business agreements with each insurance sales worker; rather, Defendants dictated standard terms for all insurance sales workers.

31.     Although Plaintiff and similarly situated employees may have been classified as exempt from the FLSA for purposes of their regular sales duties, Plaintiff and similarly situated employees were neither engaging in exempt duties nor earning commissions during the week they spent in training.

32.     Defendants knew or should have known that Plaintiff and similarly situated employees were working hours for which they were not compensated.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

33.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as workers who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Minimum wage for all hours worked;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

35.     Plaintiff proposes the following collective under the FLSA:

**All sales workers who participated in new-hire training within the last three years.**

36.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

37.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

38.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.    They were subject to Defendants' common policy of failing to pay for all hours worked during their training period; and

B.    They had substantially similar job duties, requirements, and pay provisions.

39.    Plaintiff is unable to state the exact number of the collective but believes that the class is exceeds fifty (50) persons.

40.    Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

41.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

42.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.    **FIRST CLAIM FOR RELIEF**
### (Individual Claim for FLSA Violations)

43.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

44.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45.    At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over

forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

47.     During the time Defendants spent training Plaintiff, Defendants misclassified Plaintiff as exempt from the requirements of the FLSA.

48.     Defendants failed to pay Plaintiff a minimum wage for all hours spent in training.

49.     Defendants knew or should have known that their actions violated the FLSA.

50.     Defendants' conduct and practices, as described above, were willful.

51.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

52.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

53.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   <u>SECOND CLAIM FOR RELIEF</u>

### (Collective Action Claim for FLSA Violations)

54.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

55.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58.     During the time Plaintiff and similarly situated employees spent in training, Defendants misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

59.     Defendants failed to pay Plaintiff and similarly situated employees a proper minimum wage for all hours spent in training.

60.     Defendants knew or should have known that their actions violated the FLSA.

61.     Defendants' conduct, as described above, has been willful.

62.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations

which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

63.      Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64.      Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
## (Individual Claim for AMWA Violations)

65.      Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

66.      Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

67.      At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

68.      Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

69.     While Plaintiff was in training, Defendants misclassified Plaintiff as exempt from the requirements of the AMWA.

70.     Defendants failed to pay Plaintiff a minimum wage during hours spent in training.

71.     Defendants knew or should have known that its practices violated the AMWA.

72.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

73.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Audra Patterson, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.      Certification of a collective action under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their related regulations;

D.    Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.    An order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**AUDRA PATTERSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**AUDRA PATTERSON, Individually and on**                          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                                   No. 4:19-cv-_____

**AMERICAN INCOME LIFE INSURANCE COMPANY**                    **DEFENDANTS**
**and AARON BLAKE RALSTON**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed for American Income Life Insurance Company and Aaron Blake
Ralston within the past three (3) years. I understand this lawsuit is being brought under
the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in
this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any
settlement of this action or adjudication by the Court.

_____
**AUDRA PATTERSON**

December 19, 2019

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**