# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**AUDRA PATTERSON, Individually and on Behalf of**
**All Others Similarly Situated**                                                        **PLAINTIFF**

**v.**                              **Case No. 4:19-cv-00918-KGB**

**AMERICAN INCOME LIFE INSURANCE CO. and**
**AARON BLAKE RALSTON**                                                                  **DEFENDANTS**

## ORDER

Before the Court is the joint consent motion to extend or stay Rule 26(f) deadlines pending resolution of defendants' motions to compel individual arbitration filed by defendants American Income Life Insurance Co. ("AILIC") and Aaron Blake Ralston (collectively, "defendants") (Dkt. No. 18). The relevant procedural history is as follows. On December 19, 2019, plaintiff Audra Patterson, individually and on behalf of all others similarly situated, filed a complaint against her former employer, AILIC, and Mr. Ralston, the owner of a branch of AILIC, alleging violations of the minimum-wage provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201 to 11-4-222 (Dkt. No. 1). On February 18, 2020, AILIC filed a motion to compel individual arbitration and stay the case, contending that Ms. Patterson entered into a valid arbitration agreement with AILIC that covers all claims in this action (Dkt. No. 6). That same day, Mr. Ralston filed a motion to compel individual arbitration, taking the position that Ms. Patterson's arbitration agreement with AILIC also covers the claims asserted against him (Dkt. No. 9). The motions to compel individual arbitration have been fully briefed (Dkt. No. 11), and the Court has not yet ruled on either motion. On April 30, 2020, the Court entered an Initial Scheduling Order (Dkt. No. 14).

In the instant motion, the parties "seek[] to extend or stay the time for the parties to confer, make initial disclosures, and file a report pursuant to Fed. R. Civ. P. 26(f) until 30 days after a final determination on Defendants' Motions to Compel Individual Arbitration."  (Dkt. No. 18, ¶ 6). "[C]ourts have regularly stayed discovery while the court considers whether a case must instead proceed in arbitration."  *Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc.*, No. 15-CV-4378 (PJS/HB), 2016 WL 6892108, at *4 (D. Minn. July 29, 2016); *see also Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("In the interests of conserving the resources of the parties, a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is . . . prudent.").  For good cause shown, the Court grants defendants' joint consent motion to extend or stay Rule 26(f) deadlines pending resolution of defendants' motions to compel individual arbitration.  The Court stays all currently pending pre-trial deadlines in the Initial Scheduling Order.  If the Court denies defendants' motions to compel individual arbitration, the parties shall hold their Rule 26(f) conference and file their Rule 26(f) report with the Court within 30 days of said denial.

It is so ordered this 29th day of October, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge